# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Kenneth Wayne Turner
and Pema Lhamu Turner

v.

Just Right Real Estate, Inc.

April 28, 2015

Case No. 14-289

By Judge Richard E. Moore

I have reviewed the Motion to Amend Tenant's Petition filed by Ms. Rolla and the Motion for Reconsideration filed by Mr. Lewis. I have entered the Order allowing Ms. Rolla to amend the Petition to add Ms. Turner as a named plaintiff. I have considered but am denying Mr. Lewis' Motion for Reconsideration, and am not entering his submitted order.

After reviewing the entire file again, as I did in our hearing on March 20, I have concluded that Ms. Turner was in fact added as a plaintiff in the suit in General District Court and that, when judgment was entered for the plaintiffs, it was in favor of both of them, despite his name being listed on the original petition.

A motion to add her as a plaintiff was properly filed in General District Court on March 21, 2014. Ms. Rolla represents that Ms. Turner was added as a plaintiff by Judge Downer. That by itself would not be sufficient for this Court to find that fact, absent some extrinsic evidence. However, the case file itself corroborates that the General District Court did in fact add her as a plaintiff. To begin with, subsequent filing by the Plaintiffs' Bill of Particulars and all subsequent correspondence list Ms. Turner as a plaintiff along with Mr. Turner. This was never disputed or objected to by the defendant. In fact, to the contrary, and more importantly, the Response to the Bill of Particulars filed by Defendant immediately thereafter (along with a Counterclaim), on April 4, 2014, lists the Plaintiffs as Kenneth Wayne Turner *and* Pema Lhamu Turner. I am not saying that, by listing them, this amended the Petition and added her as a plaintiff; I am finding that, in doing so, Defendant acknowledged that Ms. Turner had already been added as a plaintiff. In fact, in the body of the Response Defendant repeatedly uses the

terms "Plaintiffs," not Plaintiff, and "the Turners" and Ms. Turner, not just Mr. Turner.

So, it is my view that she had in fact been added as a plaintiff. That the paperwork or computer records perhaps were not updated or corrected, so that her name did not appear on the original petition or the notice of appeal does not change that view, under all of the circumstances of the case. But I believe it contrary to justice to require the appeal *de novo* to go forward as if she had not been added.

It is also my view that the defendant acquiesced in and acknowledged that she was a plaintiff and cannot now object to her being acknowledged as a plaintiff. By granting Ms. Rolla (and Mr. Turner's) Motion I am allowing them to correct the paperwork to the extent necessary.

Rule 3:16 does allow the adding of a party "at any time." This is a trial *de novo*. It does not say "except in the case of appeals of civil judgments." While I am granting this primarily to correct the paperwork and records so that the case can proceed under the correct style, nevertheless, I also find that, in light of everything, even if she had not been added, everyone behaved as if she had been, and it is proper at this point to add her.

I do agree that Rule 3:16 must be complied with, and Mr. Lewis is correct that she is not properly added unless it is. It cannot be done on an oral motion alone. Ms. Rolla has filed a written motion to amend the case by adding Ms. Turner as a named plaintiff and has asked for leave to file the Amended Complaint, which I have granted. But, until the Motion and Amended Complaint are served on the defendant, I do not believe she is properly added as a plaintiff.

Whether it is advisable, necessary, or proper at this stage to ask the General District Court to amend its records as a clerical omission, I leave to counsel. But I am finding that she was in fact a plaintiff when the judgment was entered.

As we all know, Ms. Rolla, on behalf of her clients, bears the risk of the Court of Appeals taking a different view, but this is the decision that I believe is in line with what actually happened, accords with all of the facts and evidence, and is, I believe, what justice requires.